[Cite as *In re S.S.*, 2015-Ohio-3267.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

IN RE:                               :
                                     :   Appellate Case No. 26499
  S.S., Z.S. and M.S.                :
                                     :   Trial Court Case Nos. JC-2013-3673
                                     :                         JC-2013-3674
                                     :                         JC-2013-3675
                                     :
                                     :   (Juvenile Appeal from
                                     :    Common Pleas Court)
                                     :

. . . . . . . . . .

O P I N I O N

Rendered on the 14th day of August, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., and CARLEY J. INGRAM, Atty. Reg. No. 0020084, by
CHRISTINA E. MAHY, Atty. Reg. No. 0092671, Montgomery County Prosecutor's Office,
Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third
Street, Dayton, Ohio 45402
        Attorneys for Appellee, Montgomery County Children's Services Board

ROBERT K. HENDRIX, Atty. Reg. No. 0037351, Peterson and Peterson, 87 South
Progress Drive, Xenia, Ohio 45385
        Attorney for Appellant, S.J-H.

JEFFREY LIVINGSTON, Atty. Reg. No. 0062466, 120 W. Second Street, Suite 2000,
Dayton, Ohio 45402
        Attorney for Appellee, M.S.

ROBIN TRAYWICK, 45 West Street, Bellbrook, Ohio 45305
        Guardian Ad Litem

. . . . . . . . . . . . .

HALL, J.

{¶ 1} S. J-H. ("Mother") appeals from the trial court's judgment entry awarding legal custody of her three children, S.S., Z.S., and M.S., to their father.

{¶ 2} Mother's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d. 493 (1967), asserting the absence of any arguably meritorious issues for our review. We previously notified Mother of the *Anders* filing and gave her an opportunity to file a pro se brief. She did not respond, and her time for doing so has expired.

{¶ 3} The record reflects that Mother's children were placed in foster care pursuant to an ex parte order in 2012. The trial court adjudicated the children dependent, abused, and neglected in 2013 and granted appellee Montgomery County Children Services ("MCCS") temporary custody. Mother appealed from that decision, and we affirmed. *See In re Z.S., S.S. and M.S.*, 2d Dist. Montgomery No. 25986, 2014-Ohio-3748.

{¶ 4} While the children remained in foster care, MCCS filed a January 2014 motion seeking a grant of legal custody to M.S. ("Father"). The trial court scheduled an October 2014 evidentiary hearing on the motion. Mother was served with notice of the hearing and given an opportunity to have counsel appointed to represent her. (Doc. #14, 18). She did not appear for the hearing and did not seek the appointment of counsel. (Hearing Tr. at 4). On the morning of the hearing, Mother did call the trial court, however, indicating that she was having car trouble and would be about an hour late. (Doc. #7 at 1). The trial court delayed the hearing about an hour and a half. (*Id.*). It then proceeded in Mother's absence when she failed to appear. (Hearing Tr. at 4).

**{¶ 5}** At the outset of the hearing, MCCS and the guardian ad litem agreed that Father should receive legal custody with 12 months of protective supervision by the agency. (*Id.* at 4-5). The trial court heard testimony that Father had satisfied his case-plan objectives and had been cooperative and compliant with MCCS. (*Id.* at 12-16, 22). With regard to Mother, the trial court heard testimony that she had not satisfied major components of her case plan. Among other things, she had refused to sign necessary releases to obtain required parenting and psychological assessments and had refused to provide any verification of housing, employment, or other income. (*Id.* at 8-10). MCCS also had trouble with Mother's supervised visits with her children. She refused to sign paperwork required by visitation staff. (*Id.* at 12). She was described as controlling, "difficult to work with," and at times "belligerent" during sessions. (*Id.* at 16). The trial court heard testimony about specific instances of Mother's behavior that corroborated these descriptions. (*Id.* at 17-21). As a result of Mother's behavior and its effect on her children, MCCS requested suspension of her visits with the children and a court order restraining her from engaging in other forms of contact. (*Id.* at 5, 22-23). MCCS asked for the suspension of visits and contact to remain in place until Mother participated in the previously-ordered parenting and psychological assessments and followed all recommendations. (*Id.* at 23, 25-26).

**{¶ 6}** At the conclusion of the hearing, the trial court awarded Father legal custody, suspended Mother's visitation pending her evaluation and compliance with any recommendations, and restrained her from other contact. (*Id.* at 29). The trial court memorialized its ruling in an October 28, 2014 order (Doc. #7) from which Mother's

appointed appellate counsel has filed the *Anders* brief.[1]

**{¶ 7}** Upon review, we agree with counsel's assessment that no arguable issues for appellate review exist. The evidence presented below was uncontroverted, and the trial court's findings are supported by that evidence. We see no potentially meritorious issue with regard to the agreed award of legal custody to Father with 12 months of protective supervision by MCCS. We also see no potential issue with regard to the trial court's decision to proceed with the hearing in Mother's absence. When she called and reported car trouble on the morning of the hearing, the trial court delayed the hearing a reasonable period of time. Mother apparently never called back and never appeared. Under these circumstances, the trial court did not err in proceeding without her.

**{¶ 8}** We likewise see no non-frivolous issue with regard to the trial court's order suspending Mother's visits and other contact pending her participation in previously-ordered evaluations and her compliance with any recommendations. In conjunction with its order granting Father legal custody with protective supervision by MCCS, the trial court was authorized to impose these restrictions. The trial court's adjudication of dependency, abuse, and neglect, along with its disposition of legal-custody and protective-supervision, gave it continuing jurisdiction over the three children at issue. *See, e.g.*, R.C. 2151.353(F)(1). Under Juv.R. 2(QQ), a child over whom a juvenile court has continuing jurisdiction is considered a "ward of court." Pursuant to Juv.R. 34(H), "[i]n any proceeding where a child is made a ward of the court, the court may grant a restraining order controlling the conduct of any party if the court finds that the order is necessary to control any conduct or relationship that may be detrimental or

---

[1] This court has permitted *Anders* briefs in cases involving parental rights and legal custody. *See, e.g., In re S.C.*, 2d Dist. Montgomery No. 24890, 2013-Ohio-623, ¶ 9-10.

harmful to the child and tend to defeat the execution of a dispositional order." Here the trial court effectively did find that Mother's continued visits and other contact, without undergoing required parenting and psychological evaluations and complying with any recommendations, would be detrimental to the children and would be detrimental to its disposition of legal custody to Father. (Doc. #7 at 2). The evidence supports this determination. (Hearing Tr. at 8-9, 16-22).

{¶ 9} Finally, in accordance with our responsibility under *Anders*, we have conducted an independent review of the record and have found no non-frivolous issues for appellate review. Accordingly, the judgment of the Montgomery County Common Pleas Court, Juvenile Division, is affirmed.

. . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Christina E. Mahy
Robert K. Hendrix
Robin Traywick
Jeffrey Livingston
S. J-H.
Hon. Nick Kuntz